UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| MATTHEW J. McCOY,<br><br>                   Petitioner,<br><br>   v.<br><br>WARDEN WEAD,<br><br>                  Respondent. | Case No. 1:22-cv-00197-DKG<br><br>**INITIAL REVIEW ORDER** |

Petitioner Matthew J. McCoy, a prisoner in the custody of the Idaho Department of Correction ("IDOC") but incarcerated in an out-of-state prison, has filed a document that the Court construes as a petition for writ of habeas corpus.[1] *See* Dkt. 1. The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

---

[1] Petitioner initially filed his pleading in the Ninth Circuit Court of Appeals and labeled it as an Application for Leave to File Second or Successive Petition. The Circuit then transferred the case to this Court "to be processed as a § 2254 petition." Dkt. 1-1 at 2. Because it does not appear that Petitioner has filed a previous federal habeas petition, leave to file a successive petition appears to be unnecessary.

## REVIEW OF PETITION

**1.     Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.     Discussion**

In the First Judicial District Court in Kootenai County, Idaho, Petitioner was convicted of conspiracy to commit robbery, burglary, and two counts of battery with intent to commit robbery. Dkt. 1 at 1. Petitioner was sentenced to a unified term of 40 years in prison with 14 years fixed. *State v. McCoy*, No. 46436, 2020 WL 3045730, at *1 (Idaho Ct. App. June 8, 2020) (unpublished).

The petition asserts the following claims: (1) that an incriminating statement made by Petitioner was admitted in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); (2) that the trial court failed to give a self-defense jury instruction; (3) that (a) the prosecutor committed misconduct in lowering the burden of proof through a misstatement, and (b) the trial court endorsed that misstatement; (4) that the trial court should have declared a mistrial; (5) that the trial court imposed an excessive sentence;

and (6) that the prosecutor "overcharged" Petitioner, which may or may not have been intended as a claim of insufficient evidence to support one or more of the convictions.

For several reasons, Petitioner may not yet proceed with his petition. First, he has included no facts in the petition. Habeas Rule 2(c) requires a habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Because all of the facts and grounds for relief must be included in the petition, the Court—and Respondent—need not consider allegations or arguments not contained in that petition. *See Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 (D. Idaho Sept. 27, 2018) (unpublished) ("The Court was not required to meticulously search through the many documents Petitioner submitted with his Petition. Instead, it was entitled to rely on the habeas Petition itself to contain all of the information necessary to adjudicate that Petition.").

Second, Petitioner has not complied with Habeas Rule 2(d), which requires any habeas petition brought pursuant to 28 U.S.C. § 2254 to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Here, the petition is not on the correct form.

Third, Petitioner has neither paid the $5.00 filing fee nor applied for in forma pauperis status.

Finally, Petitioner has not named an appropriate respondent. It appears Petitioner has named the warden of the Arizona prison in which he is confined. However, because Petitioner remains in the official custody of the IDOC pursuant to an Idaho state court judgment, the appropriate respondent is Josh Tewalt, the current director of the IDOC.

*See Ziegler v. Washington*, No. C10-5263 BHS/KLS, 2010 WL 2331030, at *1 n.1 (W.D. Wash. June 10, 2010) (unpublished).

Within 28 days after entry of this Order, Petitioner must file an amended petition that complies with Rule 2(c) and (d), that includes the facts upon which Petitioner's claims are based, and that names a proper respondent. At that time, Petitioner must also either pay the filing fee or apply for in forma pauperis status.

**3.      Potentially Applicable Standards of Law**

Because Petitioner does not have a lawyer, the Court provides the following standards of law that might, or might not, be applicable to Petitioner's case. Petitioner may find these standards helpful in drafting an amended petition.

**A.      *Only Federal Claims Are Cognizable in this Action***

As stated earlier, federal habeas corpus relief is available if the petitioner "is in custody in violation of the Constitution or laws or treaties *of the United States*." 28 U.S.C. § 2254(a) (emphasis added). That is, only federal claims may be raised in habeas corpus. "[F]ederal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), such as claims of error during state post-conviction proceedings, *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

**B.      *Exhaustion and Procedural Default***

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state

courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is procedurally defaulted, a federal court can consider the merits of the claim only if the petitioner meets one of two exceptions. A petitioner asserting a procedurally defaulted claim must make either (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing that a miscarriage of justice will occur if the claim is not heard in federal court. *See Coleman*, 501 U.S. at 731; *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Carrier*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel ("IAC"). For example, the failure to object to a trial error, or a failure on appeal to raise a meritorious claim of trial error, may render a claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of trial or direct appeal counsel to serve as cause to excuse the default of a claim, that ineffective assistance claim must itself have been separately presented to the state appellate courts. *Id.* at 451 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.") If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well.

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the

general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying IAC claim must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IAC claim could have been brought; and (4) state law requires that an IAC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 413, 423, 429 (2013).

If a petitioner cannot show cause and prejudice for his procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *Carrier*, 477 U.S. at 496. This standard requires proof that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Id.* Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

INITIAL REVIEW ORDER - 7

### C.      Timeliness Issues

##### i.      One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a

petitioner to seek federal habeas corpus relief within one year from "the date on which

the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Timeliness is determined on a

claim-by-claim basis, rather than giving the petition as a whole a single limitations

period. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) ("Therefore, we hold that

AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas

application on an individual basis.").

The one-year statute of limitations can be tolled (or paused) under certain

circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly

filed application for State post-conviction or other collateral review ... is pending." 28

U.S.C. § 2244(d)(2). The statute of limitations can also be equitably tolled under

exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S.

631, 649 (2010) (internal quotation marks omitted). In addition, like procedural default,

AEDPA's statute of limitations is subject to an actual innocence exception, and a

petitioner who satisfies the actual innocence gateway standard may have otherwise time-

barred claims heard on the merits. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013);

*Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

INITIAL REVIEW ORDER - 8

ii.        Stay-and-Abey Procedures and Relation-Back of Amendments

Because it is unclear whether any of Petitioner's claims is currently pending in state court, the Court provides the following summary of the potential stay process.

Prior to the enactment of AEDPA, the Supreme Court had held that federal courts could adjudicate a habeas petition only if *all* the claims in that petition were exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). This doctrine of "total exhaustion" required that a district court dismiss, without prejudice, any habeas petition that included even one unexhausted claim. *Id.* The appropriate course, if a claim was unexhausted, was to dismiss the petition without prejudice. Then, once the petitioner had exhausted the unexhausted claims in state court, he could return to federal court and file a new habeas petition. Alternatively, the petitioner could choose to "amend[] or resubmit[] the habeas petition to present only exhausted claims to the district court." *Id*. at 510.

The total exhaustion requirement became problematic with the passage of AEDPA, which not only preserved that requirement, but also imposed a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d). As the Supreme Court later observed,

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Rhines v. Weber*, 544 U.S. 269, 275 (2005).

To address this problem, the Supreme Court held in *Rhines* that a federal district court has the discretion to stay a mixed habeas petition—a petition containing both exhausted and unexhausted claims—to allow the petitioner to present the unexhausted claims to the state courts and then later return to federal court for review of the perfected petition. *Id*. at 277. Staying a habeas case preserves the original filing date of the claims asserted in the original petition for purposes of the one-year federal statute of limitations period.

The Ninth Circuit has since extended the holding in *Rhines*, so that the "stay-and-abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that raises *only* unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016). However, a stay is inappropriate if *all* the claims in a petition are exhausted. To warrant a stay, at least one of the pending state court claims must be included in the federal petition—that is, the petition must be either mixed or completely unexhausted.

Moreover, an important consideration for federal habeas petitioners is that statutory tolling of the limitations period is not permitted if the state post-conviction action was not "properly filed." If a petitioner files an untimely state post-conviction action—or one that is procedurally improper for another reason—then that action *cannot* toll the federal limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Unfortunately, a petitioner usually does not receive a state court order concluding that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims the petitioner had hoped to exhaust in the state post-conviction matter. Once the federal statute of limitations has expired, it

cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

There is a second important statute-of-limitations consideration for federal habeas petitioners: If a petitioner amends a petition after the federal statute of limitations has run, the amendments might not receive the benefit of, or "relate back" to, the original petition's filing date. Amendments relate back to the original petition only if the original and amended pleadings both arise out of the same "'conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (alteration omitted) (quoting Fed. R. Civ. P. 15(c)(2), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Because Rule 15 is applied in conjunction with the "more demanding" standard in Habeas Rule 2(c), the words "same 'conduct, transaction, or occurrence" do *not* mean simply "the same 'trial, conviction, or sentence.'" *Id*. at 655, 664. Rather, relation back is proper only when "the original and amended petitions state claims that are tied to a common core of operative facts."[2] *Id*.

Courts use a two-step analysis to decide whether, for statute of limitations purposes, a claim in an amended petition relates back to a claim in the original petition.

---

[2] The Supreme Court offered the following examples of cases where this standard was satisfied: (1) *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (8th Cir. 2003), in which the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), "while the amended petition alleged the Government's failure to disclose a particular report," and "[b]oth pleadings related to evidence obtained at the same time by the same police department"; and (2) *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001), in which "the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted." *Mayle*, 545 U.S. at 664 n.7.

The district court first must "determine what claims the amended petition alleges and what core facts underlie those claims." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020). Then, "for each claim in the amended petition," the court must "look to the body of the original petition and its exhibits to see whether" (a) "the original petition set out or attempted to set out a corresponding factual episode," or (b) "whether the claim is instead supported by facts that differ in both time and type from those the original pleading set forth." *Id.* (internal quotation marks and alterations omitted).

In addition, an amendment invoking a legal theory not suggested in the original petition relates back to that original petition only if it arises from the same "episode-in-suit." *Mayle*, 545 U.S. at 659–60 (citing *Tiller v. Atl. Coast Line R. Co.*, 323 U.S. 574, 580–81 (1945)). For example, ineffective assistance claims relate back to claims where the underlying substantive error is based on the same set of facts. *See Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (determining that a claim that appellate counsel was ineffective for failing to raise double jeopardy issue related back to a timely-raised substantive double jeopardy claim), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017); *Abdulle v. Uttecht*, 2020 WL 2065882 (W.D. Wash. Jan. 6, 2020) (report and recomm'n), *relevant portion adopted by*, 2020 WL 2063772, at *2 (W.D. Wash. Apr. 29, 2020) (district court order).

## ORDER

**IT IS ORDERED:**

1.      Within 28 days after entry of this Order, Petitioner must file an amended petition as described above. At that time, Petitioner must also either pay the filing fee or apply for in forma pauperis status.

2.      The Clerk of Court will provide Petitioner with a form § 2254 petition, and Petitioner is encouraged and expected to use that form to draft any amended petition. The Clerk will also provide Petitioner with the forms required to apply for in forma pauperis status.

DATED: May 25, 2022

Honorable Debora K. Grasham
United States Magistrate Judge

INITIAL REVIEW ORDER - 13